IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN FREDERICK and BARBARA FREDERICK, his wife, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No. 05-514 ) |
| ELIAS HANNA, JOHN JOHNSON, MANOR BOROUGH, OFFICER STEFFEY and PENN TOWNSHIP | ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this civil matter, in which trial is imminent, the parties have filed several Motions in Limine. I will address each Motion in turn.

### I. Applicable Standards

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. This definition of relevance is very broad, and does not raise a high standard. <u>Gibson v. Mayor & Council of Wilmington</u>, 355 F. 3d 215, 232 (3d Cir. 2004). In turn, Fed. R. Evid. 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury.

The proponent of evidence bears the burden of establishing its admissibility and relevance.  See, e.g., Yibulayin v. yellow Freight Sys., No. 04-3690, 2005 U.S. Dist. LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005).

## II. Motions in Limine

### A. Guilty Plea of Elias Hanna

Both parties have filed Motions in Limine regarding Defendant Hanna's January 30, 2007 plea of guilty to violating 18 U.S.C. § 371, by conspiring to engage in an illegal gambling enterprise.  Plaintiffs argue that the guilty plea and related evidence is admissible as impeachment evidence under Fed. R. Civ. P. 609.  In contrast, Defendants argue that the evidence is inadmissible, in part, under Fed. R. Evid. 403.  Defendants have also suggested, in the alternative, that the Court limit the evidence to a stipulation by the parties, to be read into the record by the Court, that Defendant Hanna was charged with one count of participating in a gambling enterprise, to which he plead guilty, and the dates of the charge and the plea.

Fed. Rule of Evid. 609, in pertinent part, provides as follows:

> (a) General rule. For the purpose of attacking the credibility of a witness,
> > (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its

2

>prejudicial effect to the accused; and
>
>(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

"Because the district court lacks discretion to engage in balancing, Rule 609(a)(2) must be interpreted narrowly to apply only to those crimes that, in the words of the Conference Committee, bear on a witness's propensity to testify truthfully." Cree v. Hatcher, 969 F.2d 34, 37 (3d Cir. 1992).

Section 371 reads, in full, as follows: "If two or more persons conspire to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371.

Plaintiffs argue that Hanna's conviction involves dishonesty because Section 371 uses the term "defraud." The statute, however, uses the term "defraud" in the conjunctive only, and only in reference to a conspiracy to "defraud the United States." There is no suggestion that Defendant Hanna was charged with a conspiracy to defraud, as opposed to a conspiracy to "commit any offense." Moreover, Plaintiffs make no persuasive argument that the underlying gambling offense involves dishonesty or false statement, or bears on Hanna's propensity to testify truthfully. I will not accept their generalized argument based on the commission of a crime while under a police officer's oath to uphold the law, as that would

3

...

render Rule 609 a nullity with respect to any law enforcement officer convicted of any crime. Therefore, the evidence is not admissible under Rule 609(a)(2).

The parties do not dispute, however, that the crime at issue is punishable by imprisonment in excess of one year. As a result, in order to admit the evidence as Plaintiffs urge, I must determine that its probative value outweighs its prejudicial effect under Rule 609(a)(1). Our Court of Appeals has identified four factors that a district court should weigh in making a Rule 609(a)(1) determination: (1) the kind of crime involved; (2) when the prior conviction occurred; (3) the importance of the witness's testimony; and (4) the importance of the credibility of the defendant. Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982).

Here, Defendant Hanna's testimony and credibility are of central importance, and weigh in favor of permitting the evidence at trial. The dates of conviction and the type of crime, however, weigh against admissibility. The placing of bets described by Plaintiffs bears little, if any, on Defendant Hanna's veracity; and the events underlying the plea are alleged to have occurred in 2005, which is fairly remote in time from both the events underlying this litigation and this trial. I will, therefore, admit the subject evidence with certain limitations. Plaintiffs may introduce the fact and date of the guilty plea for purposes of impeachment under Rule 609(a)(1). Defendants have indicated that they are willing to stipulate to those facts. The parties will be directed to arrive at a stipulation in that regard, for use at trial.

In connection with this ruling, I find that other evidence associated with

Defendant Hanna's plea should be excluded according to Fed. R. Evid. 403. Plaintiffs' counsel has indicated that during Defendant Hanna's deposition, she attempted, but was precluded from so doing by Court Order, to ask questions regarding a man named John "Duffy" Connelly. According to Plaintiffs, the criminal information against Defendant Hanna alleged that he placed bets with a person named "JC." Plaintiffs state their intention to explore the identity of "JC," believing it to be Mr. Connelly, at the trial of this matter. I find that any potential probative value represented by this individual's identity, which Plaintiffs utterly fail to explain, is quite heavily outweighed by prejudice to Defendant Hanna and the danger of confusion of the issues. In light of this finding, as well as the Defendants' willingness to stipulate to the fact and date of Defendant Hanna's plea, Plaintiffs have demonstrated absolutely no need for calling employees of the United States Attorney's office as witnesses. I will preclude Plaintiffs from calling those witnesses, or from offering any evidence beyond the stipulation referred to above.[1]

## B. **Relocation Costs**

Both parties have filed Motions in Limine regarding Plaintiffs' costs of moving their business. Plaintiffs argue that they moved their business due to Defendant Hanna's actions, and that they are entitled to introduce the costs of associated expenses. In particular, Plaintiffs aver that they lacked the time and resources to

---

[1]This ruling, as well as hearsay rules, also preclude introduction at trial of the December 9, 2006 newspaper article referred to in Docket No. 86, as well as the documents identified in Paragraph 20(a) - (f) of Docket No. 86, as it appears that they relate to the charges against Defendant Hanna. To the extent that I am mistaken, and Plaintiffs tend to proffer the evidence on other grounds or for other reasons, they may raise the issue at the time of trial and outside of the presence of the jury.

5

continue doing business in Manor Borough, as the result of various acts committed by Defendant Hanna. Defendants argue, in turn, that no reasonable jury could conclude that the conduct alleged herein caused Plaintiffs to move the business.

Plaintiffs are entitled, in this action, to recover compensatory damages suffered as a result of injury caused by the constitutional violations alleged in this litigation. I agree that the link between Plaintiffs' relocation and Defendant Hanna's conduct is attenuated. A motion in limine, however, "should not be used as a vehicle to weed out weak evidence." Libco Corp. v. Dusek, No. 77 C 4386, 1986 U.S. Dist. LEXIS 26155, at *38  (D. Ill. Apr. 29, 1986). While the fact of causation might be speculative, the numbers that Plaintiffs have posited are not, and do not require expert testimony.[2] Plaintiffs may, therefore, attempt to demonstrate that expenses or losses associated with their relocation were caused by the violations alleged in this litigation. A jury, assisted by appropriate instructions from the Court, will determine whether the required causal connection exists.

I must, however, make particular note of Plaintiffs' argument that they had to relocate because Defendant Hanna "would not leave them alone," in that he committed several acts– i.e., issued zoning and parking citations, conducted surveillance of Plaintiffs, or caused the towing of Plaintiffs' vehicles – that are described in the Pretrial Statement as occurring after April 19, 2003, and are not

---

[2]With respect to lost profits, for example, Plaintiffs proffer a simple comparison of income between 2002, 2003, and 2004, via tax documents, that reflect losses during the tax year 2003. They do not proffer any damages requiring specialized knowledge, such as projections regarding future loss.  Lay testimony regarding such losses is acceptable if it is "well founded on personal knowledge and susceptible to specific cross-examination." See Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980); Fed.R.Evid. 701, 702.

6

alleged in this action to have violated the Constitution or any other laws.[3] Plaintiffs now aver that this "constant harassment" compelled them to relocate.

In this lawsuit, however, Plaintiffs may recover compensatory damages suffered as a result of the deprivations of their constitutional rights alleged in this action. They emphatically may not recover damages allegedly resulting from other acts that they have not made the subject of suit. The only claims remaining in this action involve allegations of constitutional violations at Race Street on August 19, 2003, and at the County Jail on April 20, 2003. Plaintiffs are entitled to attempt to prove damages flowing from those alleged violations only.[4]

## C. Legal Costs

Defendant has moved to exclude evidence of costs associated with the defense of the criminal charges brought against Plaintiffs. Plaintiffs' claims for false imprisonment, false arrest, malicious prosecution, and abuse of process have been dismissed from this action. Therefore, the propriety of the criminal charges is not even tangentially at issue in this action. The costs to Plaintiffs for defending those charges, therefore, are not relevant to this litigation. To the extent that they could be deemed relevant, the probative value of those costs are substantially outweighed by the danger of misleading the jury and causing confusion of the

---

[3] Plaintiff's Complaint alleges that Defendant Hanna "targeted Martin Frederick for selective enforcement of certain laws prior to the incident on April 19, 2003." The Complaint, therefore, does not encompass the harassment alleged in the Pretrial Statement; in turn, the Pretrial Statement recites no facts occurring prior to April 19, 2003.

[4] I do not now rule on the admissibility of evidence of Defendant Hanna's other acts, as the parties have not placed that question before me. I merely clarify that Plaintiffs shall not be entitled to recover damages for injuries flowing from conduct upon which they have not brought suit.

issues, and are therefore excluded under Fed. R. Evid. 403.

### D. **Various Witnesses and Evidence (Docket No. 86)**

The parties agree that Plaintiffs failed to disclose as witnesses, in their initial disclosures or subsequently in response to discovery requests, the identity of several witnesses and documents that were identified for the first time in Plaintiffs' Pretrial Statement.[5]  As a result, Defendants seek the exclusion of those witnesses pursuant to Fed. R. Civ. P. 37(c).  Plaintiffs offer no explanation for the late disclosures.[6]

Rule 37(c)(1) permits the exclusion of evidence that should have been disclosed pursuant to Rules 26(a) and 26(e) unless the non-disclosing party provides substantial justification for its failure to disclose, or the failure to disclose is harmless.  The burden of proving substantial justification or harmlessness lies with the non-producing party. Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002).  In this matter, Plaintiffs have provided no justification, substantial or otherwise, for the failures to disclose.  Moreover, in support of admission, Plaintiffs make only the most conclusory assertion of harmlessness.  The failure is not harmless, in fact, as trial is imminent and Defendants are without sufficient time to prepare to deal with the proposed evidence.

In considering exclusion pursuant to Rule 37, the district court must also consider the following factors:  1) the prejudice or surprise in fact of the party

---

[5]The Motion regarding U.S. Attorney witnesses is rendered moot by my ruling on Docket Nos 85 and 88.

[6]To the extent that Plaintiffs intend to suggest that they legitimately withheld evidence because Defendants did not produce a registration plate, that is not, at this stage and in this context, a legitimate reason.

against whom the excluded witnesses would have testified, 2) the ability of that party to cure the prejudice, 3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and 4) bad faith or willfulness in failing to comply with the district court's order. Meyers v. Pennypack Woods Home Owners Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977).

It appears that Plaintiffs never disclosed the "witnesses" listed in §1(a)-(f) of Defendants' Motion, or the documents generated by those witnesses, prior to the Pretrial Statement or Motions in Limine. Each of the business entities mentioned, as well as invoices or estimates bearing the names of those entities, relate to Plaintiffs' claim for damages resulting from relocating their business.[7] Defendants are prejudiced, because trial is imminent and they are unable to now prepare to address the late-disclosed documents; Defendants cannot cure that prejudice, because I will not now postpone the trial date to accommodate additional preparation; and waiver of the Rule 37 sanctions would disrupt the efficient trial of this case, as well as the Court's crowded trial docket. There is no suggestion that Plaintiffs are unable to proffer evidence of these expenses by other means, such as their own testimony, so the excluded evidence is not critical. Particularly in the absence of excuse for the late disclosure, despite the absence of allegations of bad

---

[7] Paragraphs 1(g) -(l) (with the exception of Jerome Tierney, who apparently provided legal services associated with the relocation, rather than Plaintiffs' criminal defense) and 11(a) and (b) of Docket No. 86 are addressed elsewhere in this Opinion. The remaining parts of paragraphs 1 and 11 are business entities and corresponding documents relating to damages.

9

faith or wilfulness, the factors weigh in favor of exclusion.[8]

Therefore, any persons or entities, which were identified for the first time in Plaintiffs' Pretrial Statement, or documents produced for the first time in connection with Plaintiffs' Pretrial Statement or the parties' Motions in Limine, will be excluded from trial. That Plaintiffs may have stated the amount of an item of damages, or listed a non-specific category of damages, without revealing any documentary or testimonial source of which they were aware, does not cure their failures.

In contrast, if the identity of those persons or entities appeared on documents produced during discovery, or were revealed in response to interrogatories, then Plaintiffs' other failures do not justify the "extreme sanction" of excluding the evidence. See Lozano v. City of Hazleton, No. 3:06cv1586, 2007 U.S. Dist. LEXIS 13295 (M.D.Pa. Feb. 27, 2007).[9] This appears to be the case, for example, with the identity of Nations Rent. I am confident that the parties are able to review Plaintiffs' discovery responses and determine which particular pieces of evidence are not explicitly disclosed therein. This ruling, of course, is subject to the

---

[8]In arguing that they made Defendants aware of the subject information, Plaintiffs draw my attention to their broad and non-specific Interrogatory responses regarding expenses incurred. Several of those expenses listed appear to be reflected in documents now being produced for the first time. I do not make any finding of bad faith or strategic, self-serving behavior, but do note that they have not explained their failure to disclose information that was in their possession.

[9]I reach a similar conclusion with respect to husband-Plaintiff's shattered watch and torn pants, addressed in Docket No. 86, which do not represent unfair surprise and will be admitted. With respect to the VHS tape of Defendant Hanna talking about the events of April 19, 2003, Defendant's statement on the video is not hearsay pursuant to Fed. R. Civ. P. 801(d)(2). With respect to the videotape, I also find that a failure to disclose does not justify exclusion.

limitations set forth above, in my discussion of evidence of legal and relocation costs.

Moreover, Plaintiffs assert that Witold Walczak is offered as a witness regarding attorney's fees. It appears, therefore, that Plaintiffs intend to offer his testimony regarding the appropriateness of counsel fees in the event that the Court is required to consider such an award post-trial. Plaintiffs do not suggest that they intend to offer Mr. Walczak's testimony at trial, and I assume that they will not do so. I will deny this aspect of the Motion, without prejudice, as not ripe for review. In the event that Plaintiffs file a fee petition following trial, and offer Mr. Walczak as a witness, Defendants may object at that time.

Lastly, Defendants argue that several affidavits, including those of Plaintiffs and various other witnesses, are inadmissible as hearsay, as well as because the documents "may" contain irrelevant information. Plaintiffs argue, in turn, that they do not know who might become "unavailable," and therefore qualify the documents for a hearsay exception, or whether the documents will be "properly useable for impeachment or another proper purpose." It is not clear that Plaintiffs intend to offer the challenged evidence; nor does such vague argument by both parties permit either meaningful evaluation or decision. I will deny this aspect of Defendants' motion without prejudice, and if necessary, they may reassert their arguments at the time of trial.[10]

---

[10]This conclusion applies, too, to the telefax cover sheet that accompanies the statement of Bill Beaver, and is also raised in Document No. 86.

**E.  Medical Testimony**

Next, I address Defendant's Motion to exclude the testimony of several physicians who are, apparently, intended to testify regarding husband-Plaintiff's injuries, along with two medical bills and one set of hospital discharge instructions.[11]

Defendant's Motion is based on Plaintiffs' failure to make expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Local Rule 16.1.4, and that expert opinions are required in this matter.  Plaintiffs, in turn, argue that it is "obvious" that the witnesses are experts; that the records provided in discovery explain the witnesses' conclusions; and that husband-Plaintiff's injuries are not beyond the knowledge of the average layperson, and therefore expert testimony is not required.

All witnesses who are to give expert testimony must be disclosed, accompanied by a written report, under Rule 26(a)(2)(A).  Such reports, however, are required only for persons "retained or specially employed to provide expert testimony in the case." Fed. R. Civ.P. 26(a)(2)(B).  In contrast, the commentary to Rule 26 states that "[a] treating physician…can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26, cmt. to 1993 Amendments.

Therefore, treating physicians not so disclosed may testify as to facts within their knowledge, as opposed to offering expert testimony.  The physicians may, for example, testify regarding their treatment, examination, and diagnosis of husband-

---

[11]Defendant also objects that the records themselves, standing alone, are hearsay.  Because I will not exclude the providers' testimony, Plaintiffs will be afforded the opportunity to lay a foundation for the admission of the records.

12

Plaintiff.  Buss v. Quigg, No. 01-3908, 2002 U.S. Dist. LEXIS 15081, at *2 (E.D. Pa. Aug. 6, 2002).  Therefore, the witnesses in question, who Plaintiffs depict as treating physicians, will not be precluded from testifying as fact or lay witnesses.  They may not, however, proffer any expert opinions.  Whether it is "obvious" that the providers are qualified as experts, or the explanatory content of their records, is irrelevant in light of Plaintiffs' failure to designate them as experts as required by applicable rules.

As a final matter, Defendants argue that, absent expert opinion causally connecting the injuries to Defendants' conduct, the physicians' testimony must be excluded.  Expert testimony, however, is not required here.  This is not a case in which "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson." Redland Soccer Club v. Department of the Army, 55 F.3d 827, 852 (3d Cir. 1995).  Otherwise stated, the causal connection here is not "so esoteric that lay minds cannot form any intelligent judgment about it without expert aid." See Bushman v. Halm, 798 F.2d 651, 659 (3d Cir. 1986).  Plaintiffs claim, for example, that husband-Plaintiff was handcuffed, yanked forward and backward, tripped, and driven to the pavement.     T h e causal connection between such conduct and an injured knee or wrist, or treatment sought therefor, is not complex.[12]  Expert opinion is not required, and relevance has

---

[12]It seems that Plaintiffs previously identified the itemized statement from Melvin Kukich, D.C. as relating to wife-Plaintiff, rather than husband-Plaintiff.  See Docket No. 54, ex. 13.  Certainly, if the records refer to the treatment of wife-Plaintiff's alleged injuries resulting from the conduct of Defendant Steffey, those records are no longer relevant to or admissible in this action.

been demonstrated. I will not, therefore, exclude the evidence on those grounds.

F. **Testimony of John Konecny**[13]

Finally, Defendants have moved to exclude the testimony of John Konecny, who Plaintiffs identified as a witness, but who both parties have since been unable to locate. Plaintiffs advise that they are continuing to attempt to locate Mr. Konecny. I will, therefore, deny Defendants' Motion without prejudice. In doing so, I operate under the assumption that the witness remains unavailable and will not appear at trial. If Plaintiffs locate Mr. Konecny, and intend to offer his testimony at trial, they are to notify Defendants and the Court as soon as practicable. At that time, Defendants may reassert their objections to his testimony.

## CONCLUSION

In sum, in accordance with the all caveats set forth above, I will admit limited evidence of Defendant Hanna's guilty plea; I will admit damages allegedly resulting from the relocation of Plaintiffs' business, and caused by the conduct alleged in this lawsuit; and fact testimony from husband-Plaintiff's treating physicians. I will also exclude evidence of Plaintiffs' legal defense costs, and provisionally deny Defendants' Motion regarding John Konecny. Finally, Plaintiffs will be precluded from proffering evidence that was not disclosed prior to their Pretrial Statement. An appropriate Order follows.

---

[13] I have adopted, for ease, but one of several different spellings of Mr. Konecny's name that has appeared throughout this litigation.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

AND NOW, this **16th** day of March, 2007, after careful consideration of the parties' submissions, it is Ordered as follows:

1. Plaintiffs' Motion in Limine and Defendants' Motion in Limine (Docket Nos. 85 and 88) regarding the guilty plea of Defendant Hanna are each GRANTED in part and DENIED in part, as stated in the accompanying Opinion, and the parties are to arrive at a stipulation as stated in the above Opinion, or to apprise the Court of their failure to do so, as soon as practicable;

2. Plaintiffs' Motion in Limine regarding costs incurred by moving their business (Docket No. 90) is GRANTED, and Defendants' Motion in Limine regarding the same (Docket No. 83) is DENIED, as stated in the accompanying Opinion;

3. Defendant's Motion in Limine regarding costs associated with defense of criminal charges (Docket No. 81) is GRANTED;

4. Defendants' Motion in Limine regarding medical experts and records (Docket No. 84) is GRANTED in part and DENIED in part, as stated in the accompanying Opinion;

5. Defendants' Motion in Limine to preclude Witnesses and Evidence (Docket No. 86) is GRANTED in part and DENIED in part, and DENIED in part without prejudice, as stated in the accompanying Opinion;

6. Defendants' Motion in Limine regarding John Konecny (Docket No. 82) is DENIED, without prejudice; and

7. Defendant Steffey's joinder (Docket No. 87, redocketed as No. 92) is DENIED as moot.

It is further Ordered that to the extent the parties wish to amend their proposed jury instructions based on today's Order, they shall file such amendments within seven (7) seven days of the date of this Order.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge